UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KEVIN D. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:12-cv-054-TWP-TAB |
| | ) | |
| VOHNE LICHE KENNELS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion to Dismiss**

Plaintiff Kevin Miller alleges he was pulled over while he was driving from Munster, Indiana to Fort Wayne, Indiana and wrongfully subjected to the use of a canine to sniff his car and alert to the presence of illegal drugs. Miller sues, among others, Paul E. Whitesell in his official capacity as the ex-officio chairman of the Indiana Law Enforcement Training Board (ILETB) requesting an injunction requiring the ILETB to take certain steps with respect to the training and certification of drug-detection dogs. Whitesell moves to dismiss, arguing that Miller does not have standing to obtain the injunctive relief he seeks.

For purposes of a Rule 12(b)(1) of the *Federal Rules of Civil Procedure,* the court accepts the complaint's factual allegations as true and draws all reasonable inferences in Miller's favor. *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004).

"No one can maintain an action in a federal court, including an appeal, unless he has standing to sue, in the sense required by Article III of the Constitution-that is, unless he can show injury (in a special sense, noted below) and that he would

benefit from a decision in his favor." *Flying J, Inc. v. Van Hollen,* 578 F.3d 569, 571 (7th Cir. 2009). If the plaintiff does not have standing, there is no case or controversy, and the court does not have jurisdiction over the claims. *Simmons v. I.C.C.,* 900 F.2d 1023, 1026 (7th Cir. 1990). To have standing:

> a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

*Summers v. Earth Island Inst.,* 129 S. Ct. 1142, 1149 (2009). To show an injury in fact, the plaintiff must demonstrate a reasonable probability that he will suffer some identifiable harm. *Shimer v. Washington,* 100 F.3d 506, 508 (7th Cir. 1996). A plaintiff seeking an injunction, such as Miller seeks here, must show a significant likelihood and immediacy of sustaining some direct injury. *Sierakowski v. Ryan,* 223 F.3d 440, 443 (7th Cir. 2000) (citing *See Adarand Constructors, Inc. v. Pena,* 515 U.S. 200, 210-11 (1995); *City of Los Angeles v. Lyons,* 461 U.S. 95 (1983). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . ." *Sierakowski,* 223 F.3d at 443 (quoting *O'Shea v. Littleton,* 414 U.S. 488, 495 (1974)).

For example, the plaintiff in *City of Los Angeles v. Lyons,* 461 U.S. 95 (1983) alleged that he was arrested and subjected illegally to a chokehold, causing him injury. Among other things, he sought an injunction against the City of Los Angeles barring the use of control holds. Concluding that the plaintiff did not have standing to seek an injunction, the Supreme Court explained:

> [I]t is no more than conjecture to suggest that in every instance of a traffic stop, arrest, or other encounter between the police and a citizen, the police will act unconstitutionally and inflict injury without provocation or legal excuse. And it is surely no more than speculation to assert either that Lyons himself will again be involved in one of those unfortunate instances, or that he will be arrested in the future and provoke the use of a chokehold by resisting arrest, attempting to escape, or threatening deadly force or serious bodily injury.

*Id.* at 108. Similar reasoning applies here. While it is possible that he may again be subjected to a traffic stop, Miller has not demonstrated a reasonable probability that he will suffer harm. To do so, he would have to show the likelihood that he would be subject to a traffic stop during which an inadequately trained drug-detection dog trained by Vohne Liche Kennels, Inc. would give a false alerts for drugs. It is no more than speculation to conclude that Miller will be stopped again and subjected to an unconstitutional search by a drug-detection dog.

Because Miller has not shown a reasonable probability that he will suffer harm in the future, he does not have standing to obtain an injunction against Whitesell or against the ILETB through Whitesell. Whitesell's motion to dismiss [Dkt. 182] is therefore **granted**.

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

**IT IS SO ORDERED.**

Date: 08/29/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Kevin D. Miller**
**205 W. Joliet Street, #304**
**Schererville, IN 46375**

**All electronically registered counsel**