UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN D. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:12-cv-00054-TWP-TAB |
| VOHNE LICHE KENNELS, INC., and ) | |
| AMERICAN WORKING DOGS UNITED, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON SANCTIONS AND ATTORNEY'S FEES**

This matter is before the Court on former Defendant the City of Plymouth, Indiana's ("City of Plymouth") Motion for Sanctions and Attorney's Fees (Dkt. 121) and former Defendant Lake County Sheriff's Department's ("Lake County Sheriff") request for attorney's fees (See Dkt. 163). Plaintiff Kevin D. Miller ("Mr. Miller") originally filed this action against remaining Defendants Vohne Liche Kennels, Inc. and American Working Dogs United, Inc., as well as against fifty-one others, including a myriad of political subdivision defendants.[1] The City of Plymouth and the Lake County Sheriff separately request sanctions against Mr. Miller under Federal Rule of Civil Procedure 11. For the reasons set forth below, the Motions are **GRANTED**.

**I. BACKGROUND**

On May 14, 2008, Mr. Miller was pulled over for speeding by a City of Plymouth police officer. During the traffic stop, a drug-detection dog—a K-9—was led around Mr. Miller's

---

[1] On June 8, 2012, the Court dismissed all but three Defendants. The third, Paul E. Whitesell was later dismissed, leaving only Vohne Liche Kennels and American Working Dogs United.

vehicle.  The dog alerted, which is disputed by Mr. Miller, and a search of Mr. Miller's vehicle took place.  No drugs were found in Mr. Miller's vehicle.

Mr. Miller filed suit against the City of Plymouth and the individual officers in the United States District Court for the Northern District of Indiana, under Case No. 2:09-cv-205-JVB, in July 2009.  A jury trial was held beginning November 26, 2012 and judgment as a matter of law was entered for the City of Plymouth on December 12, 2012.

Mr. Miller filed the instant lawsuit, *pro se*, on January 13, 2012 against fifty-three defendants, including numerous municipalities and political subdivisions.  He alleged that Vohne Liche Kennels inadequately trains drug-detection dogs, therefore the dogs are improperly certified by American Working Dogs United.  In his suit, Mr. Miller requested that the municipality and political subdivision Defendants be enjoined from conducting K-9 sniffs of vehicles during routine traffic stops until the Defendants submit proof that the officers and dogs are trained by entities other than Vohne Liche Kennels and American Working Dogs United.  He also alleged a 42 U.S.C. § 1983 claim.

On June 8, 2012, this Court terminated the action against all of the municipalities and political subdivisions, and denied outstanding motions as moot, including the motion to dismiss filed by the Lake County Sheriff.  (See Dkt. 179.)  However, the Court left the current motions outstanding.

## II.  LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure authorizes sanctions against a party or attorney who files frivolous pleadings, files pleadings for an improper purpose such as to harass, or makes allegations that they know have no basis in law or fact.  The Court may impose sanctions for a violation of Rule 11 either upon a party's motion or on its own initiative.  Fed. R.

Civ. P. 11(c).  The purpose of Rule 11 is to deter baseless filings in the district court.  *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990).  In determining whether Rule 11 sanctions are warranted, the Court must "undertake an objective inquiry into whether the party or his counsel should have known that his position was groundless."  *CUNA Mut. Ins. Soc. v. Office and Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (quoting *CNPA v. Chi. Web Printing Pressmen's Union No.* 7, 821 F.2d 390, 397 (7th Cir. 1987)).  Rule 11 applies to "anyone who signs a pleading, motion or other paper," Fed. R. Civ. P. 11, and *pro se* litigants are not immune from its reach.  However, the Court "has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations."  *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).

### III.  DISCUSSION

**A.     The City of Plymouth's Motion for Sanctions and Attorney's Fees**

The City of Plymouth contends that Mr. Miller filed his lawsuit against it frivolously and in bad faith.  Specifically, it argues that Mr. Miller intentionally left the date of the initial traffic stop out of his Complaint to avoid the statute of limitations.  The Complaint was filed more than three years after the inciting incident on May 14, 2008.  Despite knowing the exact date, Mr. Miller stated in his Complaint that the incident occurred on a "mid-May night."  The applicable statute of limitations for a civil rights action under § 1983 is governed by the personal injury statute of limitation in the state where the injury occurred.  The Indiana statute of limitation for personal injury is two years.  Ind. Code § 34-11-2-4.  A § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  Therefore, the applicable limitations period in this case is two years.

Mr. Miller contends he did not know of the injury that is the basis of this lawsuit until October 2011, when he discovered that Vohne Liche Kennels was improperly training drug-detection dogs.[2] Therefore, he argues, the statute of limitations on the claims in this lawsuit, including injunctive relief preventing the City of Plymouth from using drug-detection dogs, did not begin accruing until October 2011. He also argues that the doctrine of fraudulent concealment tolled the statute of limitation and that the City of Plymouth and Vohne Liche Kennels worked together to conceal evidence.

However, the Court is not persuaded that the discovery of evidence in October 2011, specifically, a training manual, was so significant that it tolled the statute of limitation for claims against the City of Plymouth. But more so, the Court finds it troubling that Mr. Miller had already filed suit and begun litigating claims against the City of Plymouth arising from the exact incident at issue here before he filed the instant lawsuit. While Mr. Miller claims he did not know or believe that drug-detection dogs were improperly trained until October 2011 and therefore could not file this claim against the City of Plymouth until after that date, the fact that he was unaware of a theory for his case does not establish that he was unaware of a claim. Even taking his *pro se* status into account, it was inappropriate and frivolous of Mr. Miller to file a second lawsuit against the City of Plymouth in this Court while simultaneously litigating a suit in the Northern District.

Therefore, the Court finds that sanctions are appropriate in this case.[3] The City of Plymouth has requested the Court prohibit Mr. Miller from making any further filings against

---

[2] This discovery was made after Vohne Liche Kennels was compelled as a third party to produce its training manual by the Court in the Northern District litigation.

[3] City of Plymouth requests sanctions on the basis of Local Rule 8-1, which requires *pro se* litigants to use a "Civil Rights Complaint" form. It also argues Mr. Miller waived his right to object because his response was filed three days late. The Court does not view these errors as independently sanctionable, but the errors are taken into consideration.

City of Plymouth for claims arising from the alleged May 14, 2008 incident, as well as for $810.43 in attorney's fees, calculated at $35.86 per hour for 22.6 hours. The Court finds the requested sanction reasonable. The Court orders that Mr. Miller is prohibited from making further filings against City of Plymouth arising from the May 14, 2008 incident, and he is ordered to pay $810.43 in attorney's fees. The City of Plymouth's Motion is **GRANTED**.

### B.   The Lake County Sheriff's Motion for Attorney's Fees

The Lake County Sheriff contends that Mr. Miller's Complaint against it was frivolous and groundless, and therefore Rule 11 sanctions are appropriate. It specifically requests the Court order Mr. Miller to pay the Lake County Sheriff $3,150.00 in attorney's fees. Mr. Miller has not responded to the Lake County Sheriff's motion. The Court agrees that Mr. Miller's Complaint against the Lake County Sheriff had no basis in existing law and was frivolous, even taking his *pro se* status into account. However, the Court finds that the Lake County Sheriff's specific request for $3,150.00, at a rate of $90.00 per hour for 35 work hours, excessive considering the Lake County Sheriff was dismissed as a party early in the litigation. Therefore, the Court requires the Lake County Sheriff to file an accounting justifying its request and hourly rate. The Lake County Sheriff's Motion is **GRANTED**.

### IV.  CONCLUSION

For the reasons set forth in this Entry, the City of Plymouth's Motion for Sanctions and Attorney's Fees (Dkt. 121) and the Lake County Sheriff's request for attorney's fees (Dkt. 163) are **GRANTED**. Mr. Miller is **ORDERED** to pay the City of Plymouth $810.43 in attorney's fees. He is further **ORDERED** and **PROHIBITED** from making any further filings against the City of Plymouth for claims arising from the May 14, 2008 incident. The Lake County Sheriff is entitled to reasonable attorneys' fees, however, they are **ORDERED** to file with the Court an

accounting and justification for its requested attorney's fee award of $3,150.00 within fourteen (14) days of this Entry.

SO ORDERED.

Date: 02/27/2013 _____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

KEVIN D. MILLER
205 West Joliet Street, #304
Schererville, Indiana  46375

James H. Austen
STARR AUSTEN MYERS & MILLER, LLP
austen@starrausten.com

Jon David Baker
BAKER AND BODWELL PC
smchenry@cinergymetro.net

Andrew J. Sickmann
BOSTON BEVER KLINGE CROSS & CHIDESTER
ajsickmann@bbkcc.com

John P. Bushemi
BURKE, COSTANZA & CARBERRY LLP
bushemi@bcclegal.com

Mike J. Bolde
BURKE, COSTANZA & CARBERRY LLP
bolde@bcclegal.com

Patricia  Hass
BURKE, COSTANZA & CARBERRY LLP
hass@bcclegal.com

Ashley Marie Ulbricht
CITY OF CARMEL
aulbricht@carmel.in.gov

Douglas C. Haney
CITY OF CARMEL
dhaney@carmel.in.gov

Sean M. Surrisi
CITY OF PLYMOUTH, INDIANA
cityattorney@plymouthin.com

Chou-il  Lee
CITY OF TERRE HAUTE
chou-il.lee@terrehaute.in.gov

Chou-il  Lee
TAFT STETTINIUS & HOLLISTER LLP
clee@taftlaw.com

Charles F.G. Parkinson
HARRIS WELSH & LUKMANN
cparkinson@hwllaw.com

Douglas Joseph Masson
HOFFMAN LUHMAN & MASSON PC
djm@hlblaw.com

Darren J. Murphy
HOWARD & ASSOCIATES
dmurphy@ori.net

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

Jacqueline N. Chosnek
PEARLMAN CHOSNEK & HOPSON PC
jchosnek@chosneklaw.com

Elizabeth A. Knight
PORTER COUNTY ADMINISTRATIVE CENTER
eknight@porterco.org

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP
bburgan@taftlaw.com

Kevin C. Tankersley
TANKERSLEY LAW OFFICE
kevin@tanklaw.com

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com