UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN D. MILLER,                           ) | |
|           Plaintiff,                            ) | |
|       v.                                                 ) | Case No. 1:12-cv-00054-TWP-TAB |
| VOHNE LICHE KENNELS, INC.,       ) <br> AMERICAN WORKING DOGS UNITED, ) <br> INC.,                                              ) | |
|           Defendants.                     ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff Kevin D. Miller's ("Mr. Miller") Motion for Reconsideration (Dkt. 253) of the Court's Entry on Sanctions and Attorney's Fees (Dkt. 251). Mr. Miller contends that because former Defendant the City of Plymouth ("Plymouth") failed to comply with the "safe harbor" notice requirement of Federal Rule of Civil Procedure 11(c)(2), it was error for the Court to grant sanctions against him in Plymouth's favor. Additionally, Mr. Miller contends that because former Defendant the Lake County Sheriff's Department ("the Sheriff") failed to comply with Rule 11's safe harbor requirement and the Rule 11 requirement that a motion for sanctions be filed separately, it was error for the Court to grant sanctions against Mr. Miller in the Sheriff's favor. For the reasons set forth below, the Court **GRANTS** Mr. Miller's Motion for Reconsideration (Dkt. 253).

**I. LEGAL STANDARD**

Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Federal Rule of Civil Procedure 59(a) "permits a district

court to entertain a motion to alter or amend a judgment" and "enables the court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Moters Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A motion to reconsider is appropriate when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A party seeking reconsideration cannot rehash previously rejected arguments or argue matters that could have been heard during the pendency of the previous motion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1270 (7th Cir. 1996).

## II. DISCUSSION

Mr. Miller contends that because Plymouth and the Sheriff failed to comply with Rule 11's procedural requirements, it was improper for this Court to impose sanctions against him. Mr. Miller is correct that, first, "[p]ermitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion," and, second, a "court that imposes sanctions by motion without adhering to [the] twenty-one day safe harbor has abused its discretion." *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999).

**A.   Rule 11 Sanctions**

Federal Rule of Civil Procedure 11(c)(2) provides that requests for sanctions must be made as a separate motion, *and* not simply included as an additional prayer for relief contained in another motion. Further, the motion for sanctions must not be filed until at least 21 days (or such other period as the court may set) after being served. This "safe harbor" provides a time

period to allow a party the opportunity to withdraw an unreasonable position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

Plymouth argues that Local Rule 7-1(g) negates the safe harbor requirement when *pro se* litigants are involved. Local Rule 7-1(g) provides that a motion for attorney's fees or sanctions may not be granted unless "the movant's attorney files with the motion a statement showing that the attorney made reasonable efforts to confer with *opposing counsel* and resolve the matters raised in the motion." (Emphasis added.) Specifically, Plymouth argues that because this rule only references "attorney" and "opposing counsel," the rule does not apply to *pro se* litigants. The Court disagrees with this argument, in part, because the provision of Local Rule 7-1(g) which requires filing a statement along with a motion is an additional requirement to the safe harbor rule, and does not take the place of Rule 11(c)(2).

Plymouth next argues that Mr. Miller waived his safe harbor requirement by failing to timely respond to the motion for sanctions. Mr. Miller's response was three days late. However, the Court allowed Mr. Miller's belated response and will not rely upon Mr. Miller's untimeliness to now impose sanctions. Plymouth cites multiple cases that apply waiver in the safe harbor context to support its position. While helpful, the cases are not directly on point. For example, in *Methode Electronics, Inc. v. Adam Technologies, Inc.*, 371 F.3d 923, 927 (7th Cir. 2004), the defendant provided notice to plaintiff that it would file for sanctions if plaintiff proceeded with its complaint. Then, defendants orally moved for sanctions two days later, effectively violating Rule 11(c)(2)'s requirement of the twenty-one day safe harbor. The complaint was voluntarily dismissed, but the trial court still held a show cause hearing on sanctions, and subsequently granted defendant's motion. *Id.* Plaintiff raised the safe harbor violation for the first time on appeal and the Seventh Circuit found that the plaintiff waived this argument. *Id.* Unlike in this

case, the plaintiff in *Methode* actually received notice prior to a motion being made with the trial court, and the plaintiff failed to bring the safe harbor violation to the trial court's attention. Here, Plymouth did not serve Mr. Miller with its motion for sanctions at any time before filing it with the Court. Further, although Mr. Miller did not develop the safe harbor violation argument in his initial brief, he did raise the issue in his briefing.

Plymouth further argues that Mr. Miller did not challenge the sanction on the basis of his violation of Local Rule 8-1, thus the Court should affirm on that basis. The Court has already rejected Plymouth's contention that Mr. Miller's failure to comply with Local Rule 8-1 is sanctionable conduct. And, even if the conduct was independently sanctionable, Plymouth still failed to comply with the procedural requirements of Rule 11(c)(2). The Court will not use this ground to impose sanctions.

Finally, Plymouth argues Mr. Miller is simply rehashing his arguments, which is prohibited in Rule 59(a) motions. Although Plymouth is somewhat correct, the Court finds that error correction is required. In this case neither Plymouth nor the Sheriff alleges that either served Mr. Miller with motions for sanctions twenty-one days prior to filing the motion with the Court. Moreover, there is no dispute that the Sheriff included its motion for sanctions within its motion to dismiss. Rule 11(c) specifically provides that a motion for sanctions be filed separately from any other motion. The procedural requirements of Rule 11(c)(2) are "not merely an empty formality." *Divane*, 200 F.3d at 1026. Therefore, the Court agrees with Mr. Miller that it erred in granting the requested sanctions.

**B.     Court's Inherent Power to Impose Sanctions**

In the alternative, Plymouth asks the Court to exercise its inherent power to sanction Mr. Miller's frivolous and vexatious conduct. "Sanctions meted out pursuant to the court's inherent

power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009).  "Because of their very potency," courts generally must exercise "restraint and discretion" before exercising their inherent powers to sanction parties for misconduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).  Moreover, it is "[a] part of the Court's responsibility . . . to see that [the Court's] resources are allocated in a way that promotes the interests of justice" and, correspondingly, "[f]ederal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald,* 489 U.S. 180, 184 (1989); *see, e.g.*, *Lysiak v. C.I.R.,* 816 F.2d 311, 313 (7th Cir. 1987) ("A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court.").

 The Court continues to be troubled by Mr. Miller's frivolous suit against Plymouth and the Sheriff, as well as the numerous other municipal and political subdivision defendants. However, the imposition of attorney's fees under the Court's inherent power requires a finding of willfulness or bad faith. *Maynard v. Nygren*, 332 F.3d 462, 470–71 (7th Cir.2003).  Here, the Court does not find evidence in the record that Mr. Miller litigated in bad faith.

 Furthermore, "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).  Under Rule 11, a court may impose upon a vexatious litigant an injunction barring future court filings without prior approval. *Portman v. Andrews,* 249 F.R.D. 279

(N.D.Ill., 2007). In making this determination the court must weigh all the relevant circumstances such as (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. (See *Payman v. Lee County Community Hosp*. 2005 WL 735886).  In this case, there is not an established pattern of abusive filings on which the Court can rely to impose an injunction against future filings.  Although it was inappropriate and frivolous of Mr. Miller to file the instant lawsuit against Plymouth while simultaneously litigating a similar suit in the Northern District, this Court will decline to exercise its inherent powers to sanction Mr. Miller in this regard. However, future lawsuits in this or other Districts against Plymouth arising from the May 14, 2008 incidents are strongly discouraged.

### III. CONCLUSION

Upon reconsideration, the Court concludes that it committed an error of law when it imposed monetary and injunctive sanctions against Mr. Miller on behalf of Plymouth and the Sheriff.  For the reasons set forth above, the Court **GRANTS** Mr. Miller's Motion for Reconsideration (Dkt. 253). The Court's Entry on Sanctions and Attorney's Fees (Dkt. 251) is **VACATED.** Plymouth's Motion for Sanctions and Attorney's Fees (Dkt. 121) is **DENIED**.  The Sheriff's Motion for Attorney's Fees (Dkt. 163) is **DENIED.**

SO ORDERED.

Date:  04/03/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin D. Miller
205 West Joliet Street, #304
Schererville, Indiana  46375

Jon David Baker
BAKER AND BODWELL PC
smchenry@cinergymetro.net

Andrew J. Sickmann
BOSTON BEVER KLINGE CROSS & CHIDESTER
ajsickmann@bbkcc.com

John P. Bushemi
BURKE, COSTANZA & CARBERRY LLP
bushemi@bcclegal.com

Mike J. Bolde
BURKE, COSTANZA & CARBERRY LLP
bolde@bcclegal.com

Patricia Hass
BURKE, COSTANZA & CARBERRY LLP
hass@bcclegal.com

Ashley Marie Ulbricht
CITY OF CARMEL
aulbricht@carmel.in.gov

Douglas C. Haney
CITY OF CARMEL
dhaney@carmel.in.gov

Sean M. Surrisi
CITY OF PLYMOUTH, INDIANA
cityattorney@plymouthin.com

Chou-il Lee
CITY OF TERRE HAUTE
chou-il.lee@terrehaute.in.gov

Charles F.G. Parkinson
HARRIS WELSH & LUKMANN
cparkinson@hwllaw.com

Douglas Joseph Masson
HOFFMAN LUHMAN & MASSON PC
djm@hlblaw.com

Darren J. Murphy
HOWARD & ASSOCIATES
dmurphy@ori.net

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

Jacqueline N. Chosnek
PEARLMAN CHOSNEK & HOPSON PC
jchosnek@chosneklaw.com

Elizabeth A. Knight
PORTER COUNTY ADMINISTRATIVE CENTER
eknight@porterco.org

James H. Austen
STARR AUSTEN MYERS & MILLER, LLP
austen@starrausten.com

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP
bburgan@taftlaw.com

Chou-il Lee
TAFT STETTINIUS & HOLLISTER LLP
clee@taftlaw.com

Kevin C. Tankersley
TANKERSLEY LAW OFFICE
kevin@tanklaw.com

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com