UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN D. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-00054-TWP-TAB |
| | ) | |
| VOHNE LICHE KENNELS, INC., and | ) | |
| AMERICAN WORKING DOGS UNITED, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiff Kevin D. Miller, *pro se* ("Mr. Miller"), filed this lawsuit against Defendants Vohne Liche Kennels, Inc. ("Vohne Liche") and American Working Dogs United, Inc. ("AWD") (collectively, "Defendants"), under 42 U.S.C. § 1983 seeking damages and injunctive relief. For the reasons set forth below, Defendants' Motion for Summary Judgment (Dkt. 227) is **GRANTED** and Mr. Miller's Partial Motion for Summary Judgment (Dkt. 230) is **DENIED**.

**I. BACKGROUND**

The following facts are undisputed. On May 14, 2008, Mr. Miller was pulled over by a City of Plymouth (Indiana) police officer for speeding while driving from Munster, Indiana to Fort Wayne, Indiana. During the traffic stop, a drug-detection dog was led around Mr. Miller's vehicle. The dog alerted for the presence of illegal drugs and a search of Mr. Miller's vehicle took place. No drugs were found in Mr. Miller's vehicle.

On July 22, 2009, Mr. Miller filed suit in the United States District Court, Northern District of Indiana, against the Plymouth Police Department, the Marshall County Sheriff's

Department, Officer John Weir, and two Marshall County Sheriff's Deputies ("Northern District litigation"). In the course of litigating the suit, Mr. Miller sought information regarding the training of Plymouth police officers and police dogs. Specifically, Mr. Miller asked for discovery documents concerning the training of the police dog that alerted to his car. Mr. Miller learned of Vohne Liche and AWD from the defendants' responses to his discovery requests, which included training logs and certificates from Vohne Liche. On September 7, 2010, Mr. Miller served a subpoena upon Vohne Liche requesting documents concerning all training the police dog received. Vohne Liche produced certifications, class schedules, and receipts. In June 2011, the judge in the Northern District litigation conducted an *in camera* review of defendants' attorney's correspondence with Vohne Liche and discovered that Vohne Liche failed to produce responsive material to Mr. Miller's September 7, 2010 request. The court held Vohne Liche in contempt of court; thereafter, Vohne Liche produced the responsive material—a training manual—on October 7, 2011.

Mr. Miller filed this lawsuit on January 13, 2012 against fifty-three defendants, including numerous municipalities and political subdivisions. He alleged that Vohne Liche inadequately trains drug-detection dogs, and as a result, the dogs are improperly certified by AWD. Mr. Miller requested that AWD be enjoined from certifying police dogs, and that the municipality and political subdivision defendants be enjoined from conducting K-9 sniffs of vehicles during routine traffic stops until the Defendants submit proof that the officers and dogs are trained by entities other than Vohne Liche and AWD. He also alleged a 42 U.S.C. § 1983 claim, seeking compensatory and punitive damages as well as injunctive relief. On June 8, 2012, because Mr. Miller lacked subject matter jurisdiction or failed to state a claim, the Court terminated the action against all municipalities and political subdivisions. (See Dkt. 179.) Additionally, the claim

against Paul Whitesell, the ex-officio chairman of the Indiana Law Enforcement Training Board was terminated on August 29, 2012 (Dkt. 226). The only claims remaining are against Vohne Liche and AWD.

## II.  LEGAL STANDARD

Summary judgment is only appropriate by the terms of Rule 56(c) where there exists "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  This notion applies equally where, as here, opposing parties each move for summary judgment in their favor pursuant to Rule 56.  *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir. 1996).  Indeed, the existence of cross-motions for summary judgment does not necessarily mean that there are no genuine issues of material fact.  *R.J. Corman Derailment Serv., Inc. v. Int'l Union of Operating Eng'rs.*, 335 F.3d 643, 647 (7th Cir. 2003).  Rather, the process of taking the facts in the light most favorable to the non-movant, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial.  *Id.* at 648.  "With cross-motions, [the Court's] review of the record requires that [the Court] construe all inferences in favor of the party against whom the motion under consideration is made." *O'Regan v. Arbitration Forums, Ins.*, 246 F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks–Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

Because Mr. Miller is a *pro se* litigant, the Court liberally construes his pleadings.  *See Greer v. Bd. of Educ. of City of Chi., Ill.*, 267 F.3d 723, 727 (7th Cir. 2001).  *Pro se* litigants must receive proper notice regarding the meaning and consequences of a summary judgment motion, but must still adhere to the dictates of the Federal Rules of Civil Procedure.  *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998).  The Court will apply an "understanding eye" to Mr. Miller's summary judgment materials to ensure his arguments receive careful analysis.  *See*

3

*Black v. Rieth-Reily Const. Co.*, 957 F. Supp. 177, 180 (S.D. Ind. 1997).

### III. DISCUSSION

**A.     Standing to Seek Injunctive Relief**

In his § 1983 claim, Mr. Miller alleges Vohne Liche and AWD failed to properly train police dogs and their actions resulted in a violation of his civil rights and he is asking the Court to enjoin AWD from certifying drug detection dogs in Indiana. Defendants argue that Mr. Miller lacks standing to seek injunctive relief. In its August 29, 2012, Entry Discussing Motion to Dismiss (Dkt. 226) the Court addressed the similar issue of whether Mr. Miller had standing to seek injunctive relief against former Defendant Paul E. Whitesell. The same analysis and reasoning is applicable to Defendants' current motion. "No one can maintain an action in a federal court, including an appeal, unless he has standing to sue, in the sense required by Article III of the Constitution-that is, unless he can show injury (in a special sense, noted below) and that he would benefit from a decision in his favor." *Flying J, Inc. v. Van Hollen,* 578 F.3d 569, 571 (7th Cir. 2009). If the plaintiff does not have standing, there is no case or controversy, and the court does not have jurisdiction over the claims. *Simmons v. I.C.C.*, 900 F.2d 1023, 1026 (7th Cir. 1990). To have standing:

> a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

To show an injury in fact, the plaintiff must demonstrate a reasonable probability that he will suffer some identifiable harm. *Shimer v. Washington*, 100 F.3d 506, 508 (7th Cir. 1996). A plaintiff seeking an injunction, such as Mr. Miller seeks here, must show a significant likelihood

and immediacy of sustaining some direct injury. *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000) (citing *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 210–11 (1995); *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . ." *Sierakowski*, 223 F.3d at 443 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)).

For example, the plaintiff in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), alleged that he was arrested and subjected illegally to a chokehold, causing him injury. Among other things, he sought an injunction against the City of Los Angeles barring the use of control holds. Concluding that the plaintiff did not have standing to seek an injunction, the Supreme Court explained:

> [I]t is no more than conjecture to suggest that in every instance of a traffic stop, arrest, or other encounter between the police and a citizen, the police will act unconstitutionally and inflict injury without provocation or legal excuse. And it is surely no more than speculation to assert either that Lyons himself will again be involved in one of those unfortunate instances, or that he will be arrested in the future and provoke the use of a chokehold by resisting arrest, attempting to escape, or threatening deadly force or serious bodily injury.

*Id.* at 108. Similar reasoning applies here. While it is possible that he may again be subjected to a traffic stop, Mr. Miller has not demonstrated a reasonable probability that he will suffer harm. To do so, he would have to show the likelihood that he would be subject to a traffic stop during which an inadequately trained drug-detection dog certified by AWD would give a false alert for drugs. It is no more than speculation to conclude that Mr. Miller will be stopped again and subjected to an unconstitutional search by a drug-detection dog.

Because Mr. Miller has not shown a reasonable probability that he will suffer harm in the future, he does not have standing to obtain an injunction against AWD. Defendants' motion for summary judgment on Mr. Miller's injunction claim is therefore **GRANTED**.

### B.      Statute of Limitations

As for Mr. Miller's damages claim, Defendants contend that this claim is barred by the applicable statute of limitations. Claims brought under § 1983 are governed by the statute of limitations for personal injury actions in the state where the purported injury occurred. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). In Indiana, the personal injury statute of limitations is two (2) years. Ind. Code § 34-11-2-4. Specifically, Defendants argue that Mr. Miller knew of his injury on May 14, 2008, the date of his traffic stop, and thus the current action filed on January 13, 2012, is untimely. Mr. Miller contends that he did not know of this particular injury caused by Vohne Liche or AWD on May 14, 2008, because he did not know, and there is no evidence that he knew, of Defendants' existence or conduct that would give rise to a claim before January 12, 2010.

To support his argument, Mr. Miller relies on one sentence from *United States v. Norfolk*, 602 F.3d 830 (7th Cir. 2010). In *Norfolk*, the court stated, "The discovery rule starts the statute of limitations running only when the plaintiff learns that he's been injured, and by whom." *Id.* at 837. Some context for this quotation is instructive. *Norfolk* is a criminal case, in which defendant sought the return of his property from the Government under Federal Rule of Criminal Procedure 41(g). Norfolk's motion under Rule 41(g) was denied and he filed a renewed motion requesting monetary compensation including arguments under the Federal Tort Claims Act and the Tucker Act. When that motion was denied because a criminal court cannot grant monetary damages under Rule 41(g), defendant appealed. In a detailed opinion, the Seventh Circuit discussed the different methods by which a person could sue the Government for compensation of taken property. Two options discussed by the court were filing a *Bivens* or § 1983 action. *Id.*

at 837.  In the context of considering whether the two-year statute of limitations for those actions had expired, the court explained that the defendant could amend his complaint, i.e., the Rule 41(g) motion, to add a *Bivens* or § 1983 claim, and the addition would relate back to the original filing that was within the applicable statute of limitations.  *Id.* at 838.  The relation back date was "two years after his claim accrued under the discovery rule."  *Id.* at 837.  The court then defined the discovery rule, as quoted above.  *Id.*  Mr. Miller emphasizes the court's phrase "and by whom," but this phrase had no special significance in *Norfolk* and was not explained by the court.  The court did distinguish cases in which defendants are added and relate back to the filing date, from those in which "the plaintiff names a fictitious party, or no party, as a defendant."  *Id.*  "One can't file a suit against a nonexistent party, although one may be able to invoke a tolling rule to delay suing if it is not possible even with the exercise of due diligence to identify the injurer."  *Id.* at 838.

The *Norfolk* court cited *United States v. Kubrick*, 444 U.S. 111, 122 (1979), which, in discussing the discovery rule, explained that when "a plaintiff [is] in possession of the critical facts that he has been hurt and who has inflicted the injury," a statute of limitations will begin to run.  That is because this plaintiff "is no longer at the mercy" of the wrongdoer and "[t]here are others who can tell him if he has been wronged, and he need only ask."  *Id.*  This was contrasted from the plaintiff who is ignorant "of the fact of his injury or its cause," whether because the injury has not manifested itself or "the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain."  *Id.*

Here, Mr. Miller claims he was ignorant to his injury and who caused it.  Yet the thrust of Mr. Miller's claim in this case and in the Northern District litigation is that the police dog gave a false positive on his car in violation of the Fourth Amendment.  The main difference between

this case and the Northern District litigation is the theory of the violation and choice of defendant. Vohne Liche and AWD, Mr. Miller claims, are responsible for his injury because they inadequately trained the police dog that alerted on his car. The Court cannot agree with Mr. Miller that he did not know of his injury prior to January 12, 2010, despite that he lacked knowledge about Defendants' existence. The facts of Mr. Miller's alleged injury were indisputably known to him on May 14, 2008, regardless of whether he knew about this particular legal theory or the specific defendants. In fact, Mr. Miller concedes that he requested information concerning the dog's training on November 3, 2009, so this theory of liability was undisputedly known to him by that date. Further, Mr. Miller became aware of the alleged inadequate training by Defendants while still in the throes of litigation in the Northern District. And, rather than amend his complaint in the Northern District when he became aware of Defendants in October 2011, Mr. Miller chose to wait to file the current action in a this Court. The Court reads *Kubrick* and *Norfolk* not as stringently requiring a plaintiff know the exact cause and identity of a wrongdoer before a statute of limitations begins to run, but when a plaintiff possesses the operative facts that support knowledge of the injury and its cause.

In the alternative, Mr. Miller claims that doctrines of fraudulent concealment or equitable tolling tolled the statute of limitations until such time Mr. Miller became aware of Vohne Liche and AWD. "Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant, by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim." *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744 (Ind. 1999).

Mr. Miller contends that once he learned of Vohne Liche existence "efforts to stonewall discovery of information concerning VLK's training regime began in earnest, triggering the

8

fraudulent concealment doctrine" (Dkt. 233 at 7). In particular, he asserts that Defendants' failed to produce a manual in response to the non-party discovery requests. Although Vohne Liche did fail to turn over responsive discovery materials to Mr. Miller in the Northern District litigation until ordered to do so, the information withheld did not contain "material facts thereby preventing the plaintiff from discovering a potential cause of action." *Id.* (quoting *Fager v. Hundt*, 610 N.E.2d 246, 251 (Ind. 1993)). Nor were there deceptive or fraudulent acts. Even without fraudulent concealment, equitable tolling may apply when claims cannot be discovered with the exercise of reasonable diligence. *See Heaton & Eadle Prof'l Servs. Corp. v. Corneal Consultants of Ind., P.C.*, 841 N.E.2d 1181, 1188 (Ind. Ct. App. 2006). Here, the facts known to Mr. Miller-such as the existence of this theory as early as November 2009-even from the viewpoint of a pro se plaintiff, were sufficient to indicate discovery of his claims against Vohne Liche and AWD. There is no basis to equitably toll the statute of limitations due to the later-discovered training manual.

Therefore, Defendants' motion for summary judgment on the damages claim is **GRANTED**.

C.  **Mr. Miller's Motion for Partial Summary Judgment**

Mr. Miller has moved for partial summary judgment against Vohne Liche seeking to resolve substantive questions of law relevant to his damages claim. First, Mr. Miller contends that Vohne Liche dogs are not trained to ignore the residual odor of drugs but only the presence of actual drugs and therefore a sniff by a Vohne Liche trained drug detection dog is a search under the Fourth Amendment; and second Mr. Miller contends that regardless of whether or not sniffs constitute a search, an alert by a Vohne Liche trained dog cannot establish probable cause to search a vehicle because Vohne Liche dogs have not been trained to ignore residual odors. Assuming for the sake of argument that Mr. Miller's contentions are correct and Vohne Liche

and AWD inadequately train drug-detection dogs, Mr. Miller's claim for compensatory and punitive damages under 42 U.S.C. 1983 would still fail and Mr. Miller would have no relief because his claims are barred by the relevant statute of limitations. As such, the Court need not reach the merits of Mr. Miller's motion. The motion is therefore **DENIED**.

## IV. CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment (Dkt. 227) is **GRANTED**. Mr. Miller's Partial Motion for Summary Judgment (Dkt. 230) is **DENIED**.

**SO ORDERED**.

Date: 06/24/2013

                                                   Hon. Tanya Walton Pratt, Judge
                                                   United States District Court
                                                   Southern District of Indiana

DISTRIBUTION:

KEVIN D. MILLER
205 W. Joliet Street, #304
Schererville, IN 46375

Jon David Baker
BAKER AND BODWELL PC
smchenry@cinergymetro.net

Andrew J. Sickmann
BOSTON BEVER KLINGE CROSS & CHIDESTER
ajsickmann@bbkcc.com

John P. Bushemi
BURKE, COSTANZA & CARBERRY LLP
bushemi@bcclegal.com

Mike J. Bolde
BURKE, COSTANZA & CARBERRY LLP
bolde@bcclegal.com

Patricia Hass
BURKE, COSTANZA & CARBERRY LLP
hass@bcclegal.com

Ashley Marie Ulbricht
CITY OF CARMEL
aulbricht@carmel.in.gov

Douglas C. Haney
CITY OF CARMEL
dhaney@carmel.in.gov

Sean M. Surrisi
CITY OF PLYMOUTH, INDIANA
cityattorney@plymouthin.com

Chou-il Lee
CITY OF TERRE HAUTE
chou-il.lee@terrehaute.in.gov

Charles F.G. Parkinson
HARRIS WELSH & LUKMANN
cparkinson@hwllaw.com

Douglas Joseph Masson
HOFFMAN LUHMAN & MASSON PC
djm@hlblaw.com

Darren J. Murphy
HOWARD & ASSOCIATES
dmurphy@ori.net

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

Jacqueline N. Chosnek
PEARLMAN CHOSNEK & HOPSON PC
jchosnek@chosneklaw.com

Elizabeth A. Knight
PORTER COUNTY ADMINISTRATIVE CENTER
eknight@porterco.org

James H. Austen
STARR AUSTEN MYERS & MILLER, LLP
austen@starrausten.com

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP
bburgan@taftlaw.com

Chou-il Lee
TAFT STETTINIUS & HOLLISTER LLP
clee@taftlaw.com

Kevin C. Tankersley
TANKERSLEY LAW OFFICE
kevin@tanklaw.com

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com