UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN D. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cv-00054-TWP-TAB |
| | ) |
| VOHNE LICHE KENNELS, INC., | ) |
| AMERICAN WORKING DOGS UNITED, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on Plaintiff, Kevin D. Miller's ("Mr. Miller"), Motion to Alter or Amend Final Judgment (Dkt. 274) under Federal Rule of Civil Procedure 59(e). For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

Although the Court and the parties are well-versed in the facts of this case, before turning to the present motion, some background directed to this case's procedural posture is necessary. The following background was presented on summary judgment:

On May 14, 2008, Mr. Miller was pulled over by a City of Plymouth police officer for speeding while driving from Munster, Indiana to Fort Wayne, Indiana. During the traffic stop, a drug-detection dog—a K-9—was led around Mr. Miller's vehicle. The dog alerted for the presence of drugs and a search of Mr. Miller's vehicle took place. No drugs were found in Mr. Miller's vehicle.

On July 22, 2009, Mr. Miller filed suit against the Plymouth Police Department, the Marshall County Sheriff's Department, Officer John Weir, and two Marshall County Sheriff's

Deputies ("Northern District litigation"). In the course of litigating the suit, Mr. Miller sought information regarding the training of Plymouth police officers and police dogs; specifically documents concerning the training of the police dog that alerted on Mr. Miller's car. Mr. Miller learned of Vohne Liche Kennels, Inc. ("Vohne Liche") and American Working Dogs United, Inc. ("AWD") from the defendants' responses to his requests, which included training logs and certificates from Vohne Liche. In June 2011, following an *in camera* review of requested discovery, the district court in the Northern District litigation found that Vohne Liche failed to produce responsive material to Mr. Miller's discovery request. The court held Vohne Liche in contempt of court and Vohne Liche produced the responsive material—a training manual—on October 7, 2011.

Mr. Miller filed this lawsuit on January 13, 2012 against fifty-three defendants, including numerous municipalities and political subdivisions, alleging that Vohne Liche inadequately trains drug-detection dogs, therefore the dogs are improperly certified by AWD. Mr. Miller requested that AWD be enjoined from certifying police dogs, and that the municipality and political subdivision defendants be enjoined from conducting K-9 sniffs of vehicles during routine traffic stops until the Defendants submit proof the officers and dogs are trained by entities other than Vohne Liche and AWD. He also alleged a 42 U.S.C. § 1983 claim. On June 8, 2012, because Mr. Miller lacked subject matter jurisdiction or failed to state a claim, the Court terminated the action against all municipalities and political subdivisions. *See* Dkt. 179. Additionally, the claim against Paul Whitesell, the ex-officio chairman of the Indiana Law Enforcement Training Board was terminated on August 29, 2012. *See* Dkt. 226.

On June 24, 2013 the Court granted summary judgment in favor of Defendants, Vohne Liche and AWD (Dkt. 268). The Court further found that Mr. Miller did not have standing to

obtain an injunction against AWD and that the statute of limitations had run on Mr. Miller's damages claim under 42 U.S.C. § 1983. Mr. Miller now asserts the Court's ruling constitutes a manifest error of law warranting a judgment in his favor.

## II. LEGAL STANDARD

Relief under Federal Rule of Civil Procedure 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Specifically, a motion to reconsider is appropriate when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A party seeking reconsideration cannot rehash previously rejected arguments or argue matters that could have been heard during the pendency of the previous motion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1270 (7th Cir. 1996).

## III. DISCUSSION

Mr. Miller's motion seeks to relitigate the issues presented at summary judgment, including the statute of limitations and how the Court viewed the evidence on record. Specifically, Mr. Miller contends that the Court made a manifest error of law when it found that the discovery rule did not apply to the facts of his case. A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). To establish the Court's error, Mr. Miller simply rehashes his arguments made at summary judgment, which is improper at this stage. Disagreement with a ruling absent a new argument that exposes an error

in reasoning is not sufficient to establish manifest error. *See Seng-Tiong Ho v. Taflove*, 649 F.3d 489, 505 (7th Cir. 2011).

Similarly, Mr. Miller has not established a manifest error regarding the Court's application of the summary judgment standard of review. Mr. Miller specifically argues the Court failed to draw inferences in his favor when deciding issues of law. Yet Mr. Miller's argument stems from his disagreement with the Court's interpretation of the law. The Court did not improperly assume that Mr. Miller knew of Vohne Liche and AWD prior to the dates he learned of their existence and involvement with the dog that alerted on his vehicle. To the contrary, the Court found that despite his lack of knowledge of exactly who may have caused his injury, Mr. Miller possessed knowledge of the operative facts of his injury as late as November 9, 2009. Mr. Miller's motion does not present new argument or law; rather it simply reiterates that he disagrees with the Court's interpretation of the law as applied to the facts and reasonable inferences. However, the Court is not required to draw unreasonable inferences to favor the non-moving party. Therefore, the Motion fails.

## IV. **CONCLUSION**

Accordingly, Mr. Miller's Motion to Alter or Amend Final Judgment (Dkt. 274) is **DENIED**.

**SO ORDERED**.

Date: 03/12/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin D. Miller
205 West Joliet Street, #304
Schererville, Indiana 46375

James H. Austen
STARR AUSTEN MYERS & MILLER, LLP
austen@starrausten.com

4