UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN D. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cv-00054-TWP-TAB |
| | ) |
| VOHNE LICHE KENNELS, INC., and | ) |
| AMERICAN WORKING DOGS UNITED, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION FOR FEES**

This matter is before the Court on Defendants', Vohne Liche Kennels, Inc. ("Vohne Liche") and American Working Dogs United, Inc. ("AWD") (collectively, "Defendants"), Motion to Award Attorney's Fees and Expenses (Dkt. 271) under 42 U.S.C. § 1988. For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**

The following background was presented on summary judgment:

On May 14, 2008, Plaintiff, Kevin D. Miller ("Mr. Miller") was pulled over by a City of Plymouth police officer for speeding while driving from Munster, Indiana to Fort Wayne, Indiana. During the traffic stop, a drug-detection dog—a K-9—was led around Mr. Miller's vehicle. The dog alerted for the presence of drugs and a search of Mr. Miller's vehicle took place. No drugs were found in Mr. Miller's vehicle.

On July 22, 2009, Mr. Miller filed suit in the Northern District of Indiana against the Plymouth Police Department, the Marshall County Sheriff's Department, Officer John Weir, and two Marshall County Sheriff's Deputies ("the Northern District litigation"). In the course of litigating the suit, Mr. Miller sought information regarding the training of Plymouth police

officers and police dogs. He specifically asked in discovery for documents concerning the training of the police dog that alerted on his vehicle. Mr. Miller learned of Vohne Liche and AWD from the defendants' responses to his discovery requests, which included training logs and certificates from Vohne Liche. On September 7, 2010, Mr. Miller served a subpoena upon Vohne Liche asking for documents concerning all training the police dog received. Vohne Liche produced certifications, class schedules, and receipts. In June 2011, the district court in the Northern District litigation conducted an *in camera* review of defendants' attorney's correspondence with Vohne Liche and discovered that Vohne Liche failed to produce responsive material to Mr. Miller's September 7, 2010 request. The court held Vohne Liche in contempt of court and Vohne Liche produced the responsive material—a training manual—on October 7, 2011.

Mr. Miller filed this lawsuit on January 13, 2012 against fifty-three defendants, including numerous municipalities and political subdivisions. He alleged that Vohne Liche inadequately trains drug-detection dogs, therefore the dogs are improperly certified by AWD. In light of this information, Mr. Miller requested that AWD be enjoined from certifying police dogs, and that the municipality and political subdivision defendants be enjoined from conducting K-9 sniffs of vehicles during routine traffic stops until the Defendants submit proof that officers and dogs are trained by entities other than Vohne Liche and AWD. He also alleged a 42 U.S.C. § 1983 claim. On June 8, 2012, this Court found that Mr. Miller lacked subject matter jurisdiction or failed to state a claim, and terminated the action against all municipalities and political subdivisions. *See* Dkt. 179. Additionally, the claim against Paul Whitesell, the ex-officio chairman of the Indiana Law Enforcement Training Board was terminated on August 29, 2012. Dkt. 226.

Ultimately, the Court granted summary judgment in favor of Defendants, Vohne Liche and AWD, found that Mr. Miller did not have standing to obtain an injunction against AWD and

that the statute of limitations had run on Mr. Miller's damages claim under 42 U.S.C. § 1983. *See* Dkt. 268.  Accordingly, final judgment was entered in favor of Defendants on June 24, 2013. Dkt. 269.

## II. DISCUSSION

Local Rule 54-1 provides "A party cannot recover attorney's fees and costs unless the party files and serves a bill of costs and a motion for fees within 14 days after final judgment is entered".  In their timely motion, Defendants Vohne Liche and AWD seek an award of attorney fees in the amount of $26,088.50 and out-of-pocket expenses in the amount of $5,847.57.

**A.     Attorney's Fees**

A prevailing party in a civil rights action may be awarded reasonable attorney's fees under 42 U.S.C. § 1988.  Specifically, § 1988(b) reads that "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  A defendant may be reimbursed for costs under § 1988 "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011) (quoting *Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 419 (1978)).  The Supreme Court has explained that "§ 1988 serves to relieve a defendant of expenses attributable to frivolous charges. The plaintiff acted wrongly in leveling such allegations, and the court may shift to him the reasonable costs that those claims imposed on his adversary." *Id.* at 2214.  However, a defendant is not entitled to fees arising from non-frivolous charges. *Id.*  Additionally, a "fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award." *Id.* at 2216 (internal quotation marks omitted).

The Court has expressed concern over the apparent frivolity of Mr. Miller's litigation in this Court. *See* Dkt. 258 at 5 ("The Court continues to be troubled by Mr. Miller's frivolous suit against *Plymouth and the Sheriff, as well as the numerous other municipal and political subdivision defendants*." (emphasis added)). Yet it has never made a finding that Mr. Miller's claims against Defendants Vohne Liche and AWD were frivolous. Defendants contend that Mr. Miller's claims are frivolous, unreasonable, or without foundation because Mr. Miller possesses a law degree yet still filed a claim after the statute of limitations had "clearly" run and sought an injunction for which he did not have standing to seek. *See* Dkt. 272 at 4, 5. Defendants also argue that Mr. Miller has attempted to punish "any entity remotely associated with this traffic stop." Dkt. 272 at 5.

First, the Court does not find that the frivolity of Mr. Miller's claims against municipalities and political subdivision defendants translates to Vohne Liche and AWD. Mr. Miller's theory was that an improperly or under-trained drug detection dog alerted on his vehicle. As the entities that trained and certified the dog who alerted on Mr. Miller's vehicle, Defendants are logical parties to be sued and a suit would not be outright frivolous or unreasonable.

Second, the Court does not find Mr. Miller's damages claim was frivolous based on the statute of limitations. Mr. Miller steadfastly argued that the discovery rule tolled the statute of limitations for his claims against Defendants. Although the Court disagrees with and rejected this argument, it was not wholly without foundation. Thus, the Court does not make a finding of frivolity on this theory.

Third, although the Court finds that Mr. Miller's request for an injunction was unreasonable, it will not—in its discretion—order attorney's fees on this basis. The case law establishing when an injunction should be granted for potential violations of civil rights is clearly established: a plaintiff must show a significant likelihood and *immediacy* of sustaining some

direct injury. *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000). The Court explained as much in its Entry dismissing Mr. Miller's claim against Paul Whitesell, *see* Dkt. 226, but Mr. Miller persisted in his argument that there was a statistical likelihood he would be subject to a traffic stop and drug detection dog sniff by a Vohne Liche trained and AWD certified dog. Although this particular claim is unreasonable, Defendants are not entitled to the entirety of their fees if only one claim is considered frivolous, and they have not presented the Court with sufficient documentation allowing it to award fees on this basis.

Finally, although Mr. Miller has graduated from law school, he is still a *pro se* litigant seeking preservation of his civil rights. The Court does not wish to chill the right of individuals to pursue these types of claims. Therefore, in its discretion, the Court denies Defendants' request.

**B.     Costs**

Federal Rule of Civil Procedure 54(d) authorizes the Court to award costs to a prevailing party. The proper measure of these costs is set forth in 28 U.S.C. § 1920. The taxable costs in § 1920 are:  fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; docket fees under section 1923 of this title; compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed upon the losing party is recoverable, and (2) if so, whether the amount assessed for that item was reasonable. *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000).

Defendants seek $5,882.60 in costs from Mr. Miller. Defendants state that $5,604.98 was paid to the court reporter of the United States District Court for the Northern District of Indiana

to prepare and transmit a transcript of Mr. Miller's five-day trial held in the related Northern District litigation. Defendants considered the cost necessary to aid them in preparing a collateral estoppel defense for summary judgment. Further, $197.50 was paid to the Clerk of the United States District Court for the Northern District of Indiana to obtain certified copies of documents filed in the related Northern District litigation, which were filed with this Court. The remaining $80.12 was used for postage or long distance telephone calls.

Mr. Miller contests all of the requested costs as improper. First, he argues the transcript cost is not recoverable because it was not necessary for use in the case. The Court declines to determine whether the cost of the transcript is recoverable as necessary, because it finds the cost itself is unreasonable. Defendants have not provided the rate per page and number of pages transcribed, or whether expedited service was sought and required.[1] Further, the Court is hesitant to assess such a large expense—$5,604.98—to a *pro se* litigant under the circumstances, where the transcript aided Defendants on one issue that was not considered by the Court on summary judgment. The Court may allow a portion of the costs, but will order Defendants to produce the invoice and details so that it can determine what, if any, portion of the transcript cost is reasonable.

Second, Mr. Miller argues that Defendants have not supported their requests for copying costs. As a general rule, copying costs are recoverable, but Defendants have not provided the Court with information sufficient to determine if the costs are reasonable. The Court preliminarily grants Defendants' request for fees, but will order Defendants to produce a detailed explanation of the number of pages and rate per page before assessing an exact amount.

---

[1] Maximum transcription rates are set forth by the Judicial Conference and vary depending on the time frame within which a party seeks the transcript to be delivered.

Third, Mr. Miller argues that postage and long distance charges are part of overhead and not recoverable. Mr. Miller is correct that costs for postage, mail services, and long distance telephone calls are not taxable under § 1920, but such fees have been allowed as part of reasonable attorney's fees. *See Downes v. Volkswagen of Am., Inc.*, 41 F.3d 1132, 1144 (7th Cir. 1994); *Branham v. Snow*, No. 1:01-cv-0152-JDT-WTL, 2006 WL 1750443, at *13 (S.D. Ind. June 19, 2006). Here, however, the Court has declined to award attorney's fees. Thus, the Court disallows $80.12 as part of taxable costs under § 1920.

As a final matter, Local Rule 54-1(b) provides that the court prefers that parties use AO form 133 for the bill of costs (available from the Clerk or at http://jnet.ao.dcn/sites/ default/files/ pdf/AO_133.pdf). That would be the Court's preference in the resubmission requested.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Award Attorney's Fees and Expenses (Dkt. 271). Defendants' request for attorney's fees is **DENIED**. Defendants' request for costs is **GRANTED in part**, in that the Court will award reasonable fees for photocopies and possibly for a portion of the transcript. Defendants are **ORDERED** to file a breakdown of such costs expended within **twenty-one (21) days of the date of this Entry**.

**SO ORDERED.**

Date: 03/12/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin D. Miller
205 West Joliet Street, #304
Schererville, Indiana  46375

James H. Austen
STARR AUSTEN MYERS & MILLER, LLP
austen@starrausten.com